**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2522
_____

JOHN C. BERKERY, SR.,
                                        Appellant

v.

EXPERIAN PLC; TRANSUNION; EQUIFAX INC,
AKA Equifax Information Services LLC; VERIZON COMMUNICATIONS INC;
FIRST PREMIER BANK; UNITED NATIONAL CORP.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:21-cv-01250)
District Judge:  Honorable Gene E. K. Pratter

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 21, 2024
Before:  SHWARTZ, RESTREPO, and FREEMAN, Circuit Judges

(Opinion filed: March 1, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant John C. Berkery, Sr., proceeding pro se, appeals from multiple dispositive and evidentiary District Court orders. For the following reasons, we will vacate the District Court's judgment and remand for further proceedings.

Berkery filed a complaint against, inter alia, Trans Union, LLC, alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. c 1681, et seq. Dkt. No. 46. He sought punitive damages. Id. at 23-24. Trans Union brought a breach of contract counterclaim against Berkery regarding a prior settlement agreement between the parties.[1] Dkt. No. 26. Both Berkery and Trans Union filed motions for summary judgment. Dkt. Nos. 87 & 96. In his response to Trans Union's motion, Berkery included evidence that he had previously not produced, Dkt. No. 90, the admission of which Trans Union opposed, Dkt. No. 92. The District Court granted Trans Union's motion to strike the new evidence, denied Berkery's summary judgment motion, and granted Trans Union's summary judgment motion. Dkt. No. 105 at 6-23. Berkery filed a timely notice of appeal. Dkt. No. 111.

Berkery lacks standing to bring a claim under the FCRA.[2] To establish Article III standing, Berkery "bears the burden of establishing: '(1) an injury-in-fact; (2) that is fairly traceable to the defendant's challenged conduct; and (3) that is likely to be

---

[1] The settlement agreement pertained to one of Berkery's six prior lawsuits against Trans Union for alleged violations of the FCRA. See Berkery v. Capital One Financial Corp., et al., No. 2:18-cv-03417 (E.D. Pa. Feb. 24, 2020).

[2] Although the District Court did not address the issue of standing, it goes to subject matter jurisdiction, which must be ascertained, Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 95 (1998), and cannot be forfeited or waived, see United States v. Cotton, 535 U.S. 625, 630 (2002).

redressed by a favorable judicial decision.'" Kelly v. RealPage Inc., 47 F.4th 202, 211 (3d Cir. 2022) (quoting St. Pierre v. Retrieval-Masters Creditors Bureau, Inc., 898 F.3d 351, 356 (3d Cir. 2018)). An injury-in-fact must be "concrete—that is, real, and not abstract." TransUnion LLC v. Ramirez, 141 S.Ct. 2190, 2204 (2021) (citation and internal quotations omitted). Although Berkery alleged that Trans Union included inaccurate information on his credit report, he failed to establish that he incurred a concrete injury caused by that conduct. See id. at 2210 ("The mere presence of an inaccuracy in an internal credit file, if it is not disclosed to a third party, causes no concrete harm."). His vague assertions that "any retailer, mortgage company, or insurance company" who reviewed his credit report during the period at issue received inaccurate information are insufficient to demonstrate that any third party actually received that report, or that the report caused a denial of credit or some other injury. See id. at 2210-13.

Accordingly, we will vacate the District Court's judgment and remand to the District Court to dismiss Berkery's claim for lack of jurisdiction. Because the District Court lacks jurisdiction over Berkery's claim, it also lacks supplemental jurisdiction over Trans Union's counterclaim. See 28 U.S.C. § 1367(a). On remand, the District Court should consider whether it has an alternative basis for exercising jurisdiction over Trans Union's counterclaim.

3